UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORETTA JONES,

Plaintiff,

-against-

FEDERAL COMMUNICATIONS
COMMISSIONS, US,

Defendant.

ORDER OF DISMISSAL

26-CV-1365 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant Federal Communications Commission ("FCC") violated her rights. By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

## I.   STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se*

pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## II.    BACKGROUND

Plaintiff Loretta Jones states that she brings this action on her own behalf and on behalf of her "corporation NY Gold Tours, Inc and its Gold de la Locale in trust of all future business under GDLL brands." (ECF No. 1, at 1.)  The following facts are drawn from the complaint.[1]  Plaintiff states that she is bringing this action "for exercise of rights and measures by the FCC Federal Communications Commission to make PRIVATE my intellectual properties, processes and practices, along with those same of my companies, that which has if not nefariously, surely neglectfully, need made, by some law enforcement in fact maybe ambitious policies, PUBLIC."

(*Id.*)

Plaintiff would like

to question if the FCC has adequate governing and instilling of protective technologies that meet needs presented by currently used RWI Remote Weaponry Invasion surveillance measures that include actual broadcast of my spoke, planned, thought, deliberated, crafted and personally created, communicated, written and otherwise expressed and/or developed actions, intentions and memories of such those my agency which I would otherwise and of course wish PRIVATE until I determine to share with future employees, specific roles and counterparts as I may choose.

(*Id.* at 1-2.)

Plaintiff further claims that

even right now as I write these papers of my own and sole intellect and human dictate of otherwise expected and demanded in fact, PRIVACY, bad actors of city/states proceed to impersonate authorship of this very content I'm putting forth with hereby sworn attest that all said and everything I will say is TRUE, completely.

(*Id.* at 4.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are in the complaint unless noted otherwise.

Plaintiff asks the Court to "cause [the FCC] to shore up and sure up for certain safety and parameters of [illegible] and other communications and affords related to and relating from my involvements and undertakings as I've herein described for your authoritative/judicial review and rulings." (*Id.* at 2-3.)

## III.    PLAINTIFF'S CLAIMS ARE DISMISSED

### A.    Claims on behalf of a corporation

Plaintiff Loretta Jones states that, in addition to bringing claims on her own behalf, she is also asserting claims on behalf of her corporation. As a nonlawyer, Plaintiff can only represent her own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of NY Gold Tours, Inc.

### B.    Sovereign immunity

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including federal agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). "The sovereign immunity of the United States may only be waived by federal statute" and that waiver must be express, not implied. *Presidential*

3

*Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999). The plaintiff bears the burden of establishing waiver. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Here, Plaintiff sues the FCC, a federal agency, which enjoys sovereign immunity. *See Murrey v. BrandYourself.com, Inc.*, No. 21-CV-0320 (AT) (JLC), 2022 WL 4395808, at *3 (S.D.N.Y. Sept. 23, 2022) ("[T]he FCC is a federal agency and as such, has sovereign immunity." (citing cases)), *report and recommendation adopted*, 2023 WL 1780806 (S.D.N.Y. Feb. 6, 2023). The Court therefore dismisses Plaintiff's claims against the FCC under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii), Fed. R. Civ. P. 12(h)(3).

## C.    Plaintiff's claims are frivolous

The Court also dismisses Plaintiff's claims as frivolous. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-25. Plaintiff's allegations are incoherent and her references to being subject to "Remote Weaponry Invasion surveillance measures" lack any factual predicate and are implausible. The Court is unable to identify (1) any legal basis for her claims against Defendant, which is an agency

4

of the federal government, or (2) any legal theory on which Plaintiff may proceed. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore also dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## V. CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), under the doctrine of sovereign immunity, and, consequently, for lack of subject matter jurisdiction, and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   April 22, 2026
         New York, New York

*George B. Daniel*
GEORGE B. DANIELS
United States District Judge

5